NOT DESIGNATED FOR PUBLICATION

No. 127,152

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CONSUELO KELLY-LEPPERT,
*Appellant*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Submitted without oral argument. Opinion filed March 7, 2025. Affirmed.

*Consuelo E. Kelly-Leppert*, appellant pro se.

*Jessica A. Bryson*, special assistant attorney general, of Kansas Department of Labor, for appellee.


Before HILL, P.J., MALONE and CLINE, JJ.


PER CURIAM: Consuelo E. Kelly-Leppert tried to obtain pandemic unemployment assistance benefits from the Kansas Department of Labor. She failed. Her administrative appeal also failed. She then sought judicial review of the administrative denial of benefits. But her petition for review was untimely, and the court dismissed her case. She turns to us for relief. Our review of the record reveals that Kelly-Leppert failed to file her petition for judicial review of agency action within the time limit set out in the controlling statute, so the court had no jurisdiction to take up her case. The court properly dismissed her action. Accordingly, we affirm.

*During the COVID pandemic, Congress created a new class of unemployment benefits.*

In response to the COVID pandemic, Congress enacted the Pandemic Unemployment Assistance program which allowed individuals whose ability to work was affected by the pandemic to apply for unemployment insurance benefits. 19 U.S.C. § 9021. The States were to run the programs. To qualify, applicants first had to apply for and be denied regular unemployment insurance benefits before applying for PUA benefits. 19 U.S.C. § 9021(a)(3)(A)(i).

This appeal concerns the denial of Kelly-Leppert's application for PUA benefits. The sole issue is whether the district court's dismissal of her petition for review for lack of jurisdiction was erroneous.

An examiner with the Kansas Department of Labor reviewed and denied Kelly-Leppert's application for PUA benefits because she was not looking for work as instructed. Kelly-Leppert appealed the examiner's decision to an unemployment insurance referee with KDOL. The referee reversed some of the examiner's decisions but affirmed a large portion of the denial of her claims. At the conclusion of the referee's decision, Kelly-Leppert received notice of her appeal rights:

> "If you disagree with this Decision, you may appeal to the Kansas Employment Security Board of Review, stating the reasons you disagree with the Referee's Decision. **You have sixteen (16) calendar days from the date this Decision was mailed to file an appeal before the Decision becomes final.** If for some reason you file an appeal more than sixteen (16) days after the decision was mailed, your appeal must give reasons why it was late."

Following the instructions given, Kelly-Leppert appealed the referee's decision to the Kansas Employment Security Board of Review. In a decision mailed to Kelly-Leppert

2

on May 23, 2023, the Board affirmed the denial of her benefits. On every page of its decision the Board stated:

> "Notice of Appeal Rights:  Under Section 2102(c) of the CARES Act (15 U.S.C. section 9021[c]), as amended, any action of the Board is subject to review in accordance with the Kansas Judicial Review Act. In the absence of a timely filed Petition for Judicial Review, the action of the Board shall become final 16 calendar days after the date of the mailing of the decision. If a party desires to appeal the decision of the Board, a Petition for Judicial Review must be filed in state district court within the 16-day period of time. The named Respondent shall be the 'Kansas Employment Security Board of Review.' The procedure for appealing to the district court is provided for in K.S.A. 44-709(i) and K.S.A. 77-601, *et seq.*"

After that, Kelly-Leppert sought judicial review by filing a petition in the district court on June 29, 2023. Under K.S.A. 44-709(i), and as noted in the Board's decision, to timely appeal to the district court, Kelly-Leppert had to file her petition by June 12, 2023—if she is given the benefit of the three-day mail rule provided by K.S.A. 77-613(e)(3).  But Kelly-Leppert filed her petition 17 days after the deadline. The Board moved to dismiss Kelly-Leppert's appeal for lack of subject matter jurisdiction based on the untimely petition for review. The district court heard both parties' arguments and dismissed her appeal for lack of jurisdiction.

*We find no error in the district court ruling that it had no jurisdiction over an untimely filed petition for review.*

Kelly-Leppert argues that the district court's dismissal of her petition for lack of jurisdiction was erroneous. But she cannot escape the fact that she failed to file her petition for judicial review within the statutory requirements under K.S.A. 44-709(i). This means that the district court lacked subject matter jurisdiction to consider her claims.

The law on this point is well-established. Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). Kelly-Leppert cannot create jurisdiction for the district court simply by petitioning for review. Jurisdiction—the authority to act—comes to the court by the operation of law and not by the parties' actions. The law gave the court authority to act on petitions that were timely filed and no other alternatives. The court did not err by dismissing this petition as untimely filed.

*Excusable neglect does not help Kelly-Leppert.*

Kelly-Leppert argues that the district court erred by failing to address whether she demonstrated excusable neglect to allow additional time to petition for review. She cites Kansas Judicial Review Act "Exception Rule No. 3" at K.S.A. 44-709(b)(3) to support her claim that "the time limit for review of appeal may be waived or extended by a referee or the Board of Review if a timely response was impossible due to 'excusable neglect.'" She misreads the statute. K.S.A. 44-709 only allows for more time due to excusable neglect for appealing examiner or referee decisions to the Board of Review. K.S.A. 44-709(b)(3), (c). The statute does not permit additional time for appeals from the Board to the district court. K.S.A. 44-709(i). Because Kelly-Leppert's appeal was to the district court, excusable neglect is unavailable as an excuse for her untimely filing.

We agree with a recent holding by another panel of this court on this point. Excusable neglect may allow additional time for appeals to the referee or to the Board but not to the district court. See *Monye v. Kansas Emp. Security Board of Review*, No. 125,852, 2023 WL 5811490 (Kan. App. 2023) (unpublished opinion). In that case, the court held that had our Legislature "desired to do so, it could have included a provision for excusable neglect in K.S.A. 44-709(i)." 2023 WL 5811490, at *2. The court also found that the statute's plain and unambiguous language in subsection (i) "contains no such exceptions to excuse the untimely filing of a petition for judicial review from a

4

decision rendered by the Board of Review." 2023 WL 5811490, at *2. We find that reasoning impeccable.

*Refusing to review Kelly-Leppert's first amended petition was not error.*

Next, Kelly-Leppert argues that the district court erred by not addressing her first amended petition. She characterizes her amended petition as curing deficiencies and cites K.S.A. 77-614. That statute provides that leave to supplement a petition for review which omits information listed under the statute can be granted. K.S.A. 77-614(c).

In Kelly-Leppert's reply brief, she argues that the Board's decision was not a final order under K.S.A. 77-526(g). She contends that:

> "Alternatively, since the Board did not issue a written final order (77-526(g)) did not act within 20 days, the appellant would have up to 90 days from the date of the Board's initial order to file the petition for judicial review. In this case, if the initial order was on May 23, 2023, the deadline would be August 23, 2023."

She misses the point. Because the district court dismissed Kelly-Leppert's petition for lack of subject matter jurisdiction, any amendments to that petition could not cure the jurisdictional defect. The petition was a legal nullity. Amending a nullity is futile. There was, therefore, no error in leaving Kelly-Leppert's first amended petition unaddressed.

*We find no denial of due process here.*

Kelly-Leppert argues that she was deprived of due process because submission dates were incorrectly recorded and statements by the Judge were not included in these proceedings. She essentially claims improper notice. The Board argues that Kelly-Leppert had reasonable notice through the agency's provided information in the referee

and Board's decisions regarding how to file a petition for judicial review if she disagreed with the determination.

Each decision included notices in each decision about how Kelly-Leppert could appeal. These notices provided reasonable notice of all procedural requirements. She simply failed to comply with those requirements. As a result, Kelly-Leppert was not deprived of any due process.

*Notice and an opportunity to be heard*

When an interest involving life, liberty, or property is implicated, procedural due process requires that notice and an opportunity to be heard at a meaningful time and in a meaningful manner must be provided. The Kansas Constitution provides that "[a]ll persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." Kan. Const. Bill of Rights, § 18. "Due process is not a static concept; instead, its requirements vary to assure the basic fairness of each particular action according to its circumstances." *Kempke v. Kansas Dept. of Revenue*, 281 Kan. 770, 776, 133 P.3d 104 (2006). To prove a due process violation, the party bearing the burden must establish the denial of a specific procedural protection that they were entitled to receive. *In re Marriage of Hutchinson*, 47 Kan. App. 2d 851, 856, 281 P.3d 1126 (2012).

In this case we focus on notice. Notice must be reasonably calculated to inform all interested parties of the pendency of the action and allow them to present objections. *Board of Reno County Comm'rs v. Akins*, 271 Kan. 192, 196, 21 P.3d 535 (2001). Under K.S.A. 44-709(f)(7), the Board must "promptly notify the interested parties of its findings and decision." The agency also promulgated a corresponding regulation, requiring "[c]opies of all decisions of the board of review shall be mailed to the last known address of the parties to the appeal. All decisions shall inform the parties of their appeal rights."

6

K.A.R. 48-2-5. And the Board may not reconsider its decision once mailed, the action becoming final "unless a petition for review in accordance with the Kansas judicial review act is filed within 16 calendar days after the date of the mailing of the decision." K.S.A. 44-709(i).

*Kelly-Leppert received reasonable notice.*

In this case, the initial examiner found Kelly-Leppert ineligible for PUA benefits and she timely appealed the decision to an unemployment insurance referee. The referee found Kelly-Leppert eligible for some PUA benefits—reversing some of the examiner's decisions—but found Kelly-Leppert ineligible for a large portion of her requested PUA benefits. At the conclusion of the referee's decision, Kelly-Leppert received notice of her appeal rights, which she followed to appeal the decision to the Board. In its decision, the Board included a section similar to the referee's decision, informing Kelly-Leppert of her Notice of Appeal Rights, which outlined how to appeal the Board's decision to the district court and the required time in which to do so. This record displays ample notice to Kelly-Leppert.

The Board's decision was mailed to Kelly-Leppert on May 23, 2023. Therefore, under K.S.A. 44-709(i), to timely appeal the decision to the district court, Kelly-Leppert had to file a petition for judicial review by June 12, 2023—with the benefit of the three-day mail rule provided by K.S.A. 77-613. Yet Kelly-Leppert petitioned for review on June 29, 2023.

Kelly-Leppert received reasonable notice of the required procedures for appealing the decisions at each administrative level. On several occasions, Kelly-Leppert used these procedures and timely appealed both the examiner and referee decisions. Because Kelly-Leppert received reasonable notice of the procedural requirements and failed to comply with those requirements, she was not deprived of any due process.

7

*We deem the remaining three arguments abandoned.*

The three remaining issues raised in Kelly-Leppert's brief are conclusory, lack analysis, or are incomplete. They are:

(1) There was no justification identified by either the Board or the district court that included her first motion to amend;

(2) Similar to the prior issue, she argues that when the district court dismissed her appeal, there was no justification by the Board or the district court which included her first motion to amend, and which could have resulted in an action for mandamus; and

(3) She offers an incomplete issue statement that "[w]hen the referee Reversed his decisions from appellant being ineligible to that of eligible," followed by a statement on the next page that the agency erroneously interpreted or applied K.S.A. 77-621(a),(c)(1),(c)(4),(c)(8).

The Board argues that Kelly-Leppert failed to support any of the three issues with record citations or caselaw and accordingly they should be deemed waived or abandoned. The Board's statement is accurate.

It is difficult to determine exactly what Kelly-Leppert is claiming in the remaining three arguments. They do not contain any analysis, they are conclusory, and some are incomplete. Arguments inadequately briefed are deemed waived or abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018); *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

In her reply brief, Kelly-Leppert argues that this court should excuse her omission of requisite citations to authority based on her inadvertence and mistake. Or, in the alternative, we should find that the Board's decision was nonfinal and the 90-day rule

should apply "since a petition for reconsideration was not mentioned in the order and appellant filed for reconsideration on June 29, 2023." We decline her requests.

Kelly-Leppert argues that an email, attached in the appendix of her reply brief, served as a denial of her motion for reconsideration. In turn, this email provided a 30-day window from that denial for her to file a petition for judicial review with the district court. But the email was sent from an administrative assistant with the district court and stated that Kelly-Leppert needed to open a new case. The subject line of the email refers to Kelly-Leppert's separate case on regular unemployment benefits wholly separate from this appeal. Also attached to the appendix of Kelly-Leppert's reply brief is an excerpt from a transcript that is not found in the record on appeal here.

Kelly-Leppert has the burden to designate a record sufficient to present her points and establish her claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). See also Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36). Including documents in the appendix of a brief does not make those documents part of the record that can be considered for appellate review. *Rodriguez v. U.S.D. No. 500*, 302 Kan. 134, 144, 351 P.3d 1243 (2015); see also Rule 6.02(b). Therefore, this court may not consider the attached documents in Kelly-Leppert's appendix to her reply brief.

We deem those three arguments as abandoned. We affirm the district court's denial of her petition for judicial review of agency action because the petition was untimely filed.

Affirmed.